UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD L. KAMMEN,<br><br>*Petitioner*,<br><br>v.<br><br>GEN. JAMES MATTIS in his official capacity as SECRETARY OF DEFENSE, and<br><br>HARVEY RISHIKOF, in his official capacity as CONVENING AUTHORITY, DEPARTMENT OF DEFENSE, OFFICE OF MILITARTY COMMISSONS, and<br><br>COL. VANCE H. SPATH (AIR FORCE), in his official capacity as MILITARY JUDGE, MILITARY COMMISSIONS TRIAL JUDICIARY, DEPARTMENT OF DEFENSE,<br><br>*Respondents*. | No. 1:17-cv-03951-TWP-DML |

**RESPONDENTS' UNOPPOSED MOTION FOR EXTENSION
OF TIME TO RESPOND TO PETITION FOR WRIT OF HABEAS
CORPUS AND MOTION FOR DECLARATORY JUDGMENT**

Respondents respectfully request that the deadline for filing a response to Petitioner's petition for writ of habeas corpus and motion for declaratory judgment be extended from November 24, 2017 to December 22, 2017. In accordance with Local Rule 6-1, undersigned counsel conferred with Petitioner's counsel regarding the requested extension, and Petitioner's counsel has no objection to this request.

**BACKGROUND**

This case arises from the ongoing criminal prosecution of Abd Al-Rahman Hussayn Muhmmad Al-Nashiri ("Al-Nashiri") before a military commission at the United States Naval

Station, Guantanamo Bay, Cuba, pursuant to the Military Commissions Act of 2009, 10 U.S.C. §§ 948a-950t.  Petitioner Kammen, an Indianapolis-based attorney with experience handling capital cases, has served as learned defense counsel for Al-Nashiri since 2008.[1]  *See* Petition ¶ 4 (ECF No. 6).  On October 6, 2017, Mr. Kammen submitted a request to the Chief Defense Counsel for Military Commissions to withdraw from representing Al-Nashiri.  *See id.* ¶ 13.  On October 11, 2017, the Chief Defense Counsel issued a memorandum purporting to excuse Mr. Kammen for "good cause" under Rule for Military Commissions 505(d)(2).  *See id.* ¶ 14.  On October 13, 2017, Mr. Kammen filed a notice of his purported excusal before the military commission.  *See id.* ¶ 16.

On October 27, 2017, the military commission judge handling Al-Nashiri's case, Respondent Col. Vance Spath, issued an order concluding that excusal of defense counsel for good cause must be accomplished by the military judge on the record, rather than by the Chief Defense Counsel acting alone.  *See id.* ¶ 20 (Ex. I).  Accordingly, Judge Spath ordered that Mr. Kammen was not excused from his representation of Al-Nashiri and directed him to appear for the pre-trial hearings scheduled to take place in Guantanamo Bay from October 31 to November 17, 2017.  *See id.*  Despite Judge Spath's order, Mr. Kammen did not appear for the November 2017 hearing session, either in Guantanamo Bay or at the federal office building in Alexandria, Virginia, that facilities two-way video teleconferences with the military commission.

On November 2, 2017, Mr. Kammen filed a petition for writ of habeas corpus and motion for declaratory judgment in this Court.  The petition was based on the allegation that if Mr. Kammen did not appear for the November hearings, he "will be arrested and held in contempt by

---

[1] The Military Commissions Act of 2009 provides that the accused in a capital case has the right "be represented . . . to the greatest extent practicable, by at least one additional counsel who is learned in applicable law relating to capital cases."  10 U.S.C. § 949a(b)(2)(C)(ii).

2

[Judge] Spath." *See id.* at 1. The Court conducted an initial hearing on the petition on November 3, 2017. *See* ECF No. 12. That same day, the Court adopted Mr. Kammen's proposed order (ECF No. 13) and stayed any warrant, order, or other legal process that would require Mr. Kammen travel to Virginia to participate in military commission proceedings pending a hearing on the petition in this Court. *See* Order Following Initial Hearing at 2-3 (ECF No. 15).

Since the Court issued this decision, the November military commission pre-trial hearing session has been completed, and Judge Spath took no action during the hearing session to compel Mr. Kammen's attendance. On November 3, Judge Spath expressly stated: "I haven't issued a single writ of attachment for those three civilians, nor confined them, nor indicated they're confined." *See* Unofficial / Unauthenticated Transcript of Proceedings (Nov. 3, 2017) at 10157 (attached as Exhibit 1).[2] Judge Spath reiterated the same statement on the final day of the hearing session: "[N]o effort has been made to detain [Mr. Kammen], apprehend him, arrest him, or anything else." *See* Unofficial / Unauthenticated Transcript of Proceedings (Nov. 17, 2017) at 11036 (attached as Exhibit 2). Further, Judge Spath stated: "I'm not going to continue to issue orders; it's a waste of time. They've violated a number of orders, and they are not going to show." *See* Transcript (Nov. 3, 2017) at 10155 (Ex. 1). Instead of issuing orders or warrants to compel Mr. Kammen's appearance, Judge Spath requested briefing on a proposed course of action to address Mr. Kammen's absence. *See id.* at 10155-56.[3]

---

[2] In addition to Mr. Kammen, two civilian attorneys employed by the Department of Defense also did not appear for the November hearing session.

[3] In accordance with Local Rule 5-6, Respondents have submitted excerpts of the relevant portions of the transcripts of proceedings before the military commission. Complete versions of the transcripts are publicly available at the Office of Military Commissions website. *See* Office of Military Commissions, USS Cole: Abd al-Rahim Hussein Muhammed Abdu Al-Nashiri, http://www.mc.mil/Cases.aspx?caseType=omc&status=1&id=34.

On November 15, 2017, military commission prosecutors filed a brief recommending a process to address Mr. Kammen's refusal to appear. *See* Government Brief Regarding Proposed Actions as to Three Civilian Defense Counsels' Repeated Violations of Commission Orders (attached as Exhibit 3). The military commission prosecutors recommended that Judge Spath refer the matter to the Chief Judge of the Military Commissions Trial Judiciary for possible action in accordance with Rule for Military Commissions 109. *Id.* That rule provides, *inter alia*, that military commission judges may take such action to include permanent disbarment of an individual from practicing before a military commission.[4] *Id.* The prosecutors further recommended that Mr. Kammen receive appropriate due process before any disciplinary action is imposed by Chief Judge, suggesting that the Chief Judge follow the procedural process used by a military service Judge Advocate General's branch for imposing attorney discipline. *Id.* at 2, 12-14. In the event the Chief Judge determines that disciplinary action is warranted, the prosecutors recommend that the sanction should "range from no action to permanent disbarment from participating in any military commission." *Id.* at 5.

The prosecutors did "not recommend the Commission issue any further orders to compel Mr. Kammen's appearance." *Id.* at 7 n.5. In the event further hearings are required to address Mr. Kammen's absence, the prosecutors recommended that due process would be satisfied by an invitation to Mr. Kammen to participate in those hearings. *Id.* The prosecutors also suggested that Judge Spath take steps to have standby learned counsel appointed in Mr. Kammen's absence. *Id.* at 15-19.[5]

---

[4] The rules are located in Part II of the Manual for Military Commissions (2016), available at http://www.mc.mil/LegalResources/MilitaryCommissions Documents/CurrentDocuments.aspx.

[5] On November 17, 2017, Judge Spath ordered that steps be taken to recall Al-Nashiri's previous learned counsel to the case.

At the conclusion of the hearing session on November 17, 2017, Judge Spath stated that he would issue findings of facts and a "complete ruling" on the issues surrounding Mr. Kammen's absence at an unspecified time in the future. *See* Transcript (Nov. 17) at 11031-32 (Ex. 2). Judge Spath also suggested the possibility of holding an additional hearing session during the week of December 11, 2017, to address these issues. *See id.* at 11040.

## ARGUMENT

In light of the current posture of the proceedings before the military commission, Respondents respectfully request that the Court extend Respondents' deadline for filing a response to the petition for writ of habeas corpus and motion for declaratory judgment to December 22, 2017. As explained above, Judge Spath intends to issue a decision on Mr. Kammen's absence and potentially address the issue at a hearing session during the week of December 11. Any such decision and further proceedings by Judge Spath on this matter is likely to inform the respective positions of the parties in this litigation as well as whether this Court will need to act on the petition. Accordingly, the requested extension will promote judicial efficiency by enabling the parties and the Court to have the benefit of the potential outcome of the proceedings before Judge Spath on this matter before continuing with further litigation in this case.

Mr. Kammen will not be prejudiced by this proposed extension. As explained above, Judge Spath took no action to compel Mr. Kammen's appearance during the November hearing session, and the military commission prosecutors are not seeking to compel his attendance going forward. In the unlikely event, however, that Judge Spath were to issue an order that would require Mr. Kammen's appearance, this Court's November 3 Order would automatically stay the effect of any such order.

5

As noted above, counsel for the parties conferred on the requested extension, and Petitioner's counsel has no objection to Respondents' request. In the event the Court grants the requested extension, the parties are in agreement that Petitioner may have until January 19, 2018, to file a reply to Respondents' response. A proposed order memorializing the amended briefing schedule is attached.

## CONCLUSION

For the foregoing reasons, Respondents respectfully request that the Court grant Respondents' requested extension and establish an amended briefing schedule in this case with Respondents' response due on or before December 22, 2017, and Petitioner's reply due on or before January 19, 2018.


Dated: November 21, 2017                              Respectfully submitted,

                                                          CHAD A. READLER
Principal Deputy Assistant Attorney General
Civil Division

TERRY M. HENRY
Assistant Director
Civil Division, Federal Programs Branch

/S/ *Andrew I. Warden*
ANDREW I. WARDEN (IN Bar #23840-49)
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW
Washington, DC 20530
Tel.: (202) 616-5084
Fax: (202) 616-8470
E-mail: Andrew.Warden@usdoj.gov


DISTRIBUTION:
Robert Hammerle, Counsel for the Petitioner
Jessie A. Cook, Counsel for the Petitioner

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 21, 2017, a copy of the foregoing motion for extension of time was filed electronically using the Court's CM/ECF filing system. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system, including the following counsel:

    Robert Hammerle,
    rhammerle@pencehensel.com

    Jessie A. Cook:
    jessieacook@icloud.com

    *Attorneys for Petitioner*


    */s/ Andrew I. Warden*
    United States Department of Justice
    Civil Division, Federal Programs Branch
    20 Massachusetts Avenue NW
    Washington, D.C. 20530
    Tel: (202) 616-5084
    Fax: (202) 616-8470
    E-Mail: andrew.warden@usdoj.gov

    *Attorney for the United States*